UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| THOMAS BRUNSEN, | Case No. 3:19-cv-00608-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

Plaintiff Thomas Brunsen, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Isidro Baca, Martin Naughton, Michael Minev, and Carol Alley (collectively, "Defendants"). (ECF No. 5.) Before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Carla L. Baldwin (ECF No. 49), recommending the Court grant Defendants' motion for summary judgment (ECF No. 41 ("Motion")[1]). Plaintiff filed an objection to the R&R (ECF No. 50 ("Objection")), to which Defendants responded (ECF No. 51). Because the Court agrees with Judge Baldwin's analysis as to Defendants' Motion and because Plaintiff fails to meet his evidentiary burden, the Court will accept and adopt the R&R in full. Accordingly, the Court will grant Defendants' Motion.

**II.   BACKGROUND**

The Court incorporates by reference Judge Baldwin's description of the case's factual background and procedural history provided in the R&R, which the Court adopts. (ECF No. 49 at 1-8.)

///

---

[1]The Court reviewed the parties' response and reply. (ECF Nos. 45, 47.)

## III.   DISCUSSION

The Court first considers Plaintiff's objections to Judge Baldwin's recommendations as to his deliberate indifference to serious medical needs claims under the United States and Nevada Constitutions.[2] Then the Court addresses Plaintiff's Americans with Disabilities Act ("ADA") claim.

### A.   Deliberate Indifference to Serious Medical Needs Claims

As to Plaintiff's deliberate indifference claims, Judge Baldwin recommends that Defendants' Motion be granted because Defendants offer evidence showing they "affirmatively monitored and ultimately treated [Plaintiff]'s Hep-C," therefore establishing that no genuine issue of material fact exists as to Plaintiff's medical treatment. (*Id.* at 14-15.) Judge Baldwin found that Plaintiff failed to show "an issue of fact that Defendants were deliberately indifferent to his needs." (*Id.* at 16.) Specifically, Plaintiff failed to show that Defendants' delay in treatment specifically caused him further harm, such as cirrhosis, or that Defendants knew of an excessive risk to Plaintiff's health and disregarded that risk. (*Id.* at 15.) Plaintiff objects to Judge Baldwin's recommendation, arguing that: (1) "[t]here appears to be no dispute that Defendants' yearslong delay in treating [Plaintiff] caused him to develop cirrhosis"; (2) Plaintiff met his evidentiary burden by including with his opposition to Defendants' Motion the deposition transcripts of Drs. Martin Naughton and Michael Minev and the expert report of Dr. Amanda Cheung; and (3) Plaintiff, Dr. Cheung, Dr. Naughton, and Dr. Kevin Kuriakose—the doctor who allegedly diagnosed Plaintiff with cirrhosis—would testify at trial in support of Plaintiff's position. (ECF No. 50 at 4-7.)

---

[2]Judge Baldwin addressed Plaintiff's United States and Nevada constitutional claims together because "Article 1, Section 6 of the Nevada Constitution mirrors the Eighth Amendment's Cruel and Unusual Punishment Clause and provides protections that are coextensive with the Eighth Amendment of the United States Constitution." (ECF No. 49 at 11-12.) The Court also addresses the claims together under the same legal standard. *See, e.g., Fowler v. Sisolak*, Case No. 2:19-cv-01418-APG-DJA, 2020 WL 6270276, at *4 n.1 (D. Nev. Oct. 26, 2020) ("Cruel and unusual punishment claims under the Nevada Constitution generally follow the same standards as the United States Constitution."); *Naovarath v. State*, 779 P.2d 944, 947, 949 n.6 (Nev. 1989) (finding penalty against mentally ill child to be a violation of United States and Nevada Constitutions, "both of which proscribe cruel and unusual punishment").

None of Plaintiff's arguments are persuasive for several reasons. First, Plaintiff offers no evidence creating an issue of fact as to whether Defendants knew of, and deliberately disregarded, the risks that delayed treatment posed for Plaintiff. (ECF No. 49 at 13.) Defendants proffer undisputed evidence documenting the medical treatment Plaintiff received while incarcerated. (*Id.* at 13-14.) Even if Defendants negligently treated Plaintiff's medical needs, negligent acts alone do not establish Eighth Amendment liability. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 2010) ("Mere negligence is not sufficient to establish [Eighth Amendment] liability."); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (recognizing deliberate indifference as "lying somewhere between . . . negligence . . . and purpose or knowledge").

Second, Plaintiff fails to "demonstrate that the defendants' actions were both an actual and proximate cause of [his] injuries." *Lemire v. California*, 726 F.3d 1062, 1074 (9th Cir. 2013); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (requiring a showing of harm caused by the indifference). Contrary to Plaintiff's assertion, whether "Defendants' yearslong delay in treating [Plaintiff] caused him to develop cirrhosis" is far from being undisputed. (ECF No. 50 at 4.) As Judge Baldwin and Defendants note, Plaintiff offers no evidence showing that the alleged delay in treatment caused Plaintiff to develop cirrhosis and other harms. (ECF Nos. 49 at 15, 51 at 4-5.) While it is true that Plaintiff included an expert witness report in his opposition to Defendants' Motion, as Judge Baldwin found, the report largely focused on NDOC's standard of care, not whether Plaintiff suffered harm due to the alleged delay. (ECF Nos. 49 at 15, 45-3 at 5-6.) And although Plaintiff's medical records reference cirrhosis twice, Plaintiff offers no additional evidence to establish that Defendants' conduct caused the cirrhosis. (ECF No. 49 at 15.)

Third, to the extent Plaintiff disagreed with Defendants' choice of Hep-C treatment, mere disagreement about the course of treatment does not amount to deliberate indifference under the Eighth Amendment. *See Toguchi v. Chong*, 391 F.3d 1051, 1058 (9th Cir. 2004) (recognizing that "mere difference of medical opinion" is not enough to establish deliberate indifference) (internal citation and quotation marks omitted).

Lastly, Plaintiff's intent to call supporting witnesses does not, on its own, constitute evidence that may be considered on summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A).

The Court therefore agrees with Judge Baldwin's determination that Plaintiff fails to establish a genuine issue of material fact as to whether Defendants deliberately denied, delayed, or intentionally interfered with Plaintiff's medical treatment and whether such a delay caused him harm. *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2022) (explaining the "deliberate indifference" prong of its two-part Eighth Amendment analysis). Accordingly, the Court adopts Judge Baldwin's recommendation that Defendants' Motion be granted as to Plaintiff's United States and Nevada constitutional claims for deliberate indifference to a serious medical need.[3]

### B.  ADA Claim

Judge Baldwin recommends the Court grant Defendants' Motion as to Plaintiff's ADA claim because it "is simply making an end run around the Eighth Amendment." (ECF No. 49 at 17 (internal citations and quotation marks omitted).) *See also King v. Calderwood*, Case No. 2:13-cv-02080-GMN-PAL, 2015 WL 4937953, at *2 (D. Nev. Aug. 19, 2015) ("Courts hold that allowing prisoners to utilize the ADA and RA as causes of action for not receiving medical treatment is simply making an end run around the Eighth Amendment.") (internal citation and quotation marks omitted); *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("[T]he ADA prohibits discrimination because of disability, not inadequate treatment for disability."). As Judge Baldwin explains, because Defendants were not deliberately indifferent to Plaintiff's serious medical needs, "[Plaintiff] cannot use the ADA as an alternative basis to recover damages." (*Id.*) In his Objection, Plaintiff neither addresses nor objects to Judge Baldwin's recommendation as to his ADA claim. (ECF No. 50 (lacking any argument as to Plaintiff's ADA claim).) Because there is no objection as to these claims, the Court need not conduct *de novo*

---

[3] Judge Baldwin declined to address Defendants' *res judicata*, personal participation, and qualified immunity arguments because she found that Plaintiff's claims fail on the merits. (ECF No. 49 at 17 n.4.) The Court also need not address those arguments for the same reasons.

review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."). The Court finds Judge Baldwin did not clearly err and therefore adopts her recommendation that Defendants' Motion be granted as to Plaintiff's ADA claim.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 50) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 49) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 41) is granted.

It is further ordered that the Clerk of Court enter judgment in Defendants' favor and close this case.

DATED THIS 28th Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE